UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALANDER LEVEEN JACOB,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES PROBATION DEPARTMENT FOR THE DISTRICT OF OREGON; CHIEF U.S. PROBATION OFFICER JOHN BODDEN; and U.S. PROBATION OFFICER KEVIN MCGLOTHEN,<br><br>　　Defendants. | No. 3:18-cv-01489-SAB<br><br>**ORDER DISMISSING COMPLAINT; DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

　　Before the Court is Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 5. The motion was heard without oral argument.

　　Plaintiff filed a *pro se* complaint on August 13, 2018, bringing two claims under 42 U.S.C. § 1983. ECF No. 1. He requested special counsel and also requested a preliminary injunction. *Id.* Plaintiff is seeking general damages in the amount of $17,800,000.00; special damages in the amount to be determined;

punitive damages against each Defendant in the amount of $1,000,000.00, as well as cost of suit and reasonable fees. *Id.*

On September 5, 2018, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order. ECF No. 5. Plaintiff indicates that he furnished a copy of the Civil Rights Complaint with the appropriate U.S. Marshal forms for service. There is nothing in the record to indicate Plaintiff sought or received authorization to have the U.S. Marshals Service serve his Complaint or his Motion.

28 U.S.C. § 1915(e)(2) provides:

> (2) *Notwithstanding any filing fee*, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

(emphasis added).

## Section 1915(e) Review

Before it rules on Plaintiff's Motion for Preliminary Injunction, the Court has determined that it is necessary to conduct a § 1915(e) review.

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the

**ORDER DISMISSING COMPLAINT; DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ~ 2**

plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of the doubt." *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation omitted).

## 42 U.S.C. § 1983

42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, subjects another to the deprivation of rights guaranteed by the Constitution. 42 U.S.C. § 1983. Under § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he or she does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citation omitted).

Section 1983 provides a federal cause of action, but does not provide a statute of limitations for bringing such an action. *Wallace v. Kato*, 549 U.S. 483, 387 (2007). Consequently, federal law looks to the law of the State in which the cause of action arose. *Id.*

**Plaintiff's Complaint**

**ORDER DISMISSING COMPLAINT; DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ~ 3**

Plaintiff indicates that "[t]his action arises from the United States Probation Department on September 12, 2011, openly conceding 'that on the date of February 20, 2001, the United States Court incorrectly applied the 1998 Guidelines Manual during sentencing." ECF No. 1. Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

It is clear from the face of Plaintiff's Complaint that the underlying facts of the Complaint occurred outside the two-year statute of limitations applicable to his § 1983 claims. Plaintiff filed this instant action on August 18, 2018, almost seven years after he received the letter from U.S. Probation and over 17 years after he was sentenced. As such, Plaintiff's claims fail to state a claim upon which relief may be granted.

In addition, Plaintiff complains about action taken in the underlying criminal proceedings, 3:98-cr-00076-BR. In that case, it appears Plaintiff sought to reduce and remove his remaining term of supervised release. His theory was that if the career offender guidelines were deemed unconstitutionally vague pursuant to *Johnson v. United States*, __ U.S. __, 135 S.Ct. 3551 (2015), he would be eligible to receive the benefit of past amendments that were made retroactive under Section 2D1.1, which are the drug guidelines. Plaintiff argues that if he had been resentenced at the time the Amended Judgment was entered, he would not be subject to any term of supervised release. The amended judgment indicates that upon release from imprisonment, Plaintiff is to serve a term of 5 years of supervised release.

Judge Brown denied the motion, relying on the parties' settlement of Plaintiff's § 2255 petition, which resulted in him being sentenced to credit for time served and released, as well as the United States Supreme Court case of *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 890 (2017),

**ORDER DISMISSING COMPLAINT; DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ~ 4**

which held that, because the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," they are not subject to vagueness challenges. *Id.* at 892.

While *Beckles* does not necessarily apply to Plaintiff's case as he was sentenced under the then mandatory guidelines, the Ninth Circuit recently foreclosed Plaintiff's arguments that his term of supervised release is illegal based in *Johnson v. United States*. *See United States v. Blackstone*, __ F.3d. __, 2018 WL 4344096 (Sept. 12, 2018 9th Cir.). In that case, the Ninth Circuit held that *Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review. *Id.* at 15. It noted, however, that if at a later date the United States Supreme Court extends *Johnson* to a sentence imposed at a time when the Sentencing Guidelines were mandatory, a defendant may be able to bring a timely motion under § 2255. Plaintiff's argument that his term of supervised release is unconstitutional pursuant to *Johnson* and therefore the United States Probation Department is precluded from enforcing his conditions of supervised release is foreclosed by *Blackstone.* Therefore, to the extent this is the theory of his § 1983 action, he has failed to state a claim upon which relief can be granted.

Finally, Plaintiff has not alleged sufficient facts that set forth how the individually-named Defendants violated his constitutional rights.

**Leave to Amend**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2002). Therefore, Plaintiff is granted leave to file an Amended Complaint that meets the requirement of 28 U.S.C. § 1915(e).

Accordingly, **IT IS HEREBY ORDERED**:

ORDER DISMISSING COMPLAINT; DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ~ 5

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED**. Plaintiff is granted leave to file an Amended Complaint, if he desires. An Amended Complaint must be filed 2 weeks from the date of this Order. Failure to file an Amended Complaint will result in dismissal of this action.

2. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 5, is **DENIED**, as moot.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 18th day of September 2018.

Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT; DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ~ 6**